UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

YAROSLAV SURIS, on behalf of himself and all
others similarly situated,

                          Case No.:

                 Plaintiff,

                          CLASS ACTION COMPLAINT

        -against-


ETRAILER CORPORATION and ETRAILER WH-SLC,
LLC

                Defendant(s),

_____X

1.     Plaintiff, YAROSLAV SURIS (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by his attorney, the Law Offices of Mitchell S. Segal, P.C., hereby files this Class Action Complaint against the Defendants, ETRAILER CORPORATION and ETRAILER WH-SLC, LLC, (hereinafter "Defendants") and states as follows:


2.     The Plaintiff brings this class action for retribution for Defendants' actions against deaf and hard of hearing individuals residing in New York and within the United States. Defendants have denied the Plaintiff, who is deaf and deaf and hard-of-hearing individuals' access to goods and services provided to non-disabled individuals through its Website www.etrailer.com (hereinafter the "Website"), and in conjunction with its corporate offices, advertising offices and hosting locations, storages, online network, video studios, fulfillment locations all of which are a violation of Plaintiff's rights under the American with Disabilities Act ("ADA").

3.   On the etrailer.com Website, under "About Us" etrailer.com is described as follows: "etrailer.com is the world's leading online retailer of custom-fit towing accessories. We carry thousands of vehicle accessories such as custom-fit trailer hitches for over **3,100 different vehicles**, performance chips, heavy-duty towing supplies, trailer parts, bike racks, cargo carriers, step bars, tonneau covers, lights, car covers, RV supplies, floor mats, and much more, to help you make your vehicle more useful and more fun. Our decades of experience and enormous buying power ensure that you will get quality parts, and excellent service, at the lowest price possible."

4.   Defendants provide goods and services to the public through its Website.  However, due to barriers that make it difficult for deaf and hard-of-hearing individuals to use the Website, the Plaintiff, and other deaf and hard of hearing individuals cannot understand the audio portion of expert review videos that emanate the site that non - deaf and hard-of-hearing individuals can.

5.   Defendants excludes the deaf and hard of hearing from the full and equal participation on its Website and therefore denial of its products and services offered thereby and in conjunction with its physical locations and is a violation of Plaintiff's rights under the ADA.

6.   Plaintiff, lives in Kings County, New York State and is a deaf individual. He brings this class action against the Defendants for failing to own and/or operate the Website that is fully accessible to and usable by deaf and hard-of- hearing people without the help of others in violation of Title III of the American Disabilities Act ("ADA"); the New York Human Rights Law ("NYHRL"); the New York State Civil Rights Law; and the New York City Human Rights Law ("NYCHRL").

7.      Deaf or hard of hearing individuals require closed captioning to understand the audio components of video content.  Closed captioning displays text on videos, television programming, or DVD video programming in addition to online websites allowing deaf and hard-of-hearing individuals the same and equally accessible experience as non-deaf or hard of hearing individuals to watch videos by reading the captioned text.

8.      Without closed captioning deaf and hard-of-hearing people cannot enjoy video content on the Defendants' Website while the general public can.

9.      The Defendants have a voluminous amount of videos on its Website without closed captioning, or with limited closed captioning, which are inaccessible to deaf and hard-of-hearing individuals. Without closed captioning, deaf and hard-of-hearing people cannot understand the audio portion of the videos on the Website.

10.     As a result of the Defendants' Website not being accessible to deaf and hard-of-hearing persons, Defendants violate state and federal law civil rights laws.

11.     The American with Disabilities Act prevents discrimination against people with disabilities.  Website barriers that prevent accessibility to deaf and hard of hearing individuals are discriminatory acts. New York State also requires access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

12.     The Plaintiff in this matter was on the Defendants' Website in order to buy e-trailer Class 3 Round Tube Trailer Hitch - 2024 Kia Telluride.  Before purchasing the Plaintiff desired to watch

the expert review video on the Website on the day of August 16, 2024 and, in addition to subsequent days, to determine that this trailer hitch was the one for him. Defendant owns a house upstate and needed a trailer hitch for his SUV. The Defendant sought to watch the video entitled 2024 KIA Telluride Trailer Hitch Expert Report Video in addition to other videos related to Trailer Hitches such as "Finding the Right Trailer Hitch Harness". However, due to access barriers, the Plaintiff could not watch the content on the Website and Plaintiff and Class members will continue to be unable to watch video content on the Website unless the Defendants correct the existing barriers on the Website. The Plaintiff and Class members intend to revisit the Website for content, information and expert review videos but for the barriers of access that exist on the Website. Upon information and belief, the Class own SUV's and are desirous of purchasing trailer hitches and are unable to determing which one to buy to the non-accessibility of the Defendant's Website.

13.    The failure of the Defendants to provide access to the millions of deaf and hard of hearing individuals in the United States violates the American with Disabilities Act ("ADA") goal of providing "full and equal enjoyment" of a public accommodation's goods, services, facilities and privileges. Places of public accommodation include but are not limited to "place[s] of exhibition and entertainment", "place[s] of recreation", "sales or rental establishment[s]" and "service establishments". 28 CFR § 36.201(a); 42 U.S.C. § 12181(7). The Defendants' Website is a "place of public accommodation" which denies equal access to its video content which is available to hearing individuals and violates the ADA.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, for Plaintiff's claims which arise under Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181, et seq., ("ADA"); and 28 U.S.C. § 1332, a class action as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the presumed Class is a citizen of a state other than that of the Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

15.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 under the New York State Human Rights Law, N.Y. Executive Law, Article 15 (Executive Law§ 290 *et seq.)* ("NYSHRL")*,* the New York State Civil Rights Law, N.Y. Laws Article 4 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("NYCHRL").

16.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 144l(a).

17.     The Defendants' actions occurred while the Plaintiff attempted to watch videos on Defendants' Website at his home located in the Eastern District in order to determine the viability of the hitch the Defendants' were selling.

18.     Defendants are subject to personal jurisdiction in the Eastern District.  Defendants have and are continuing to commit the acts or omissions alleged in the Eastern District of New York that caused injury and violated the Plaintiff's rights and the rights of other deaf and hard of hearing individuals.

19.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and

2202.

## **PARTIES**

20.     The Plaintiff is and has been at all times a resident of Kings County, New York.

21.     Plaintiff is legally deaf and is disabled as defined in the American Disability Act ("ADA") under 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.101 et seq., the New York State Human Rights Law, and the New York City Human Rights Law.

22.     Plaintiff has been denied equal access of the facilities, goods, and services of the Defendants' Website due to its lack of accessibility.  The Plaintiff attempted to buy product and before purchasing this product the Plaintiff desired to watch expert review video on www.etrailer.com including but not limited to "etrailer Class 3 Round Tube Trailer Hitch - 2024 Kia Telluride" expert review video but was unable to do so due to its lack of closed captioning. Plaintiff and Class members cannot watch videos on the Website and have been prevented from accessing the Website although they would like to and intend to visit the Website in the future and enjoy video content as non-deaf individuals can and do and watch  "etrailer Class 3 Round Tube Trailer Hitch - 2024 Kia Telluride" expert review video as well as voluminous videos about thrir products for their SUV's  Currently they cannot access the Website.  The Website is non-accessible.

23.   The Defendant, ETRAILER CORPORATION is Domestic Corporation organized under the laws of Missouri having a principal office address at 1507 Highway A, Wentzville, MO 63385-5625.

24. The Defendant, ETRAILER WH-SLC, LLC is a Domestic limited liability company organized under the laws of Missouri with the principal office address at 1507 Highway A, Wentzville, MO 63385-5625.

25.  The Defendants own, manage, control and maintain the Website, with the domain name of www.etrailer.com (the "Website"). Etrailer.com is the world's leading online retailer of custom-fit towing accessories. The Defendants also own and lease numerous physical places of public accommodations and offices which operate in conjunction with its Website.

26.    The Defendants' barriers to accessibility affect millions of deaf and hard-of-hearing individuals throughout the country by preventing full and equal access and enjoyment of a public accommodation's goods, services, facilities, and privileges.

27.    The Website is a place of public accommodation defined as a "place[s] of exhibition and entertainment," "places[s] of recreation," "sales or rental establishment[s]" and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7).  Defendants' corporate offices, advertising offices and hosting locations, storages, online network, video studios, internet and website businesses, and facilities with all of its various locations are also public accommodations.

28.    The Plaintiff seeks injunctive and declaratory relief requiring the Defendants to correct the barriers which prevent access for death and hard of hearing individuals so that they can enjoy the Defendants' Website as non-deaf and hard-of-hearing individuals are able to do.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff, for himself and on behalf of others similarly situated, seeks class action certification pursuant to the Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the United States who have been denied equal access to goods and services of the Defendants' Website.

30.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York State subclass under Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the State of New York who have been denied equal access to goods and services of the Defendants' Website.

31.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York City subclass under Federal Rules of Civil Procedure Rule 23(a) and 23(b)(2) of all deaf and hard of hearing individuals in the City of New York who have been denied equal access to goods and services of the Defendants' Website.

32.    The Class is so numerous, being composed of millions of deaf and hard of hearing individuals, that joinder of all members is impracticable.  Additionally, there are questions of law and/or fact common to the Class and the claims of the Plaintiff are typical of the Class claims.

33.    Common questions of law and fact exist amongst the Class including:

   a.   Whether the Website is a "public accommodation"under the ADA and
        New York laws;

   b.   Whether there was a violation under the ADA due to the barriers that exist
        on the Defendants' Website and whether the Plaintiff and the Class
        were denied full and equal enjoyment of the goods, services, facilities,
        privileges, advantages, or accommodations; and

   c.   Whether there was a violation under New York law due to the barriers that exist

on the Defendants' Website and whether the Plaintiff and the Class
were denied full and equal enjoyment of the goods, services, facilities,
privileges, advantages, or accommodations.

34.     The Plaintiff's claims are typical of those of the Class as they both claim that the

Defendants violated the ADA, and/or the laws of New York by failing to have its Website

accessible.

35.     Plaintiff will fairly and adequately represent and protect the interests of the Class members

as the Plaintiff and the Class are both deaf or hard of hearing individuals having the same claims.

36.     Class certification under Fed. R. Civ. P. 23(b)(2) is proper because Defendants have acted

or refused to act on grounds applicable to the Class as a whole, making declaratory and injunctive

relief appropriate.

37.     Questions of law or fact which affected Class members predominate questions which

affected individual Class members and a class action will fairly and efficiently determine this

litigation.

38.     Counsel for the Plaintiff is experienced representing both Plaintiffs and Defendants in class

actions.  As such the Class will be properly represented.

39.     Judicial economy requires this action be certified as a class action as it will prevent a

voluminous amount of individual lawsuits filed by deaf or hard of hearing individuals throughout

the United States.

## **FACTUAL ALLEGATIONS**

40.     Defendants own, operate, control and maintain the Website, which is the top worldwide retailer of vehicle accessories including but not limited to trailer hitches for over 3,100 vehicles. The Defendants also own and lease numerous physical places of public accommodations and offices which operates in conjunction with its Website.

41.     The Website can be viewed by individuals located in New York State in addition to individuals from all states throughout the United States and can be reached from computers, tablets and cellphones which can access the internet.

42.     In order for the deaf and hard of hearing to access video content, a website, including the Defendants' Website, must have the ability to turn voice content into readable content. Closed captioning is the process by which this is done. Without the use of closed captioning, a deaf or hard of hearing individual would have to have someone present while they are watching a video to interpret and explain the audio content for them.

43.     Various recommendations and guidelines exist in order to make websites, including the Defendants' Website, compliant with the ADA. Web Content Accessibility Guidelines ("WCAG") is one of those guidelines. WCAG 2.1 Section 1.2.2 states that "Captions are provided for all prerecorded audio content in synchronized media, except when the media is a media alternative for text and is clearly labeled as such". Additionally, Section 508, an amendment to the United States Workforce Rehabilitation Act of 1973, requires all electronic and information

technology be accessible to individuals with disabilities and requires closed captioning for video content.

44.     The Website's numerous videos, which cannot be accessed by deaf and hard of hearing individuals, are in violation of the ADA and New York laws.  Videos include most of the Websites videos in addition to the videos the Plaintiff tried to access mentioned herein.

45.  The Plaintiff in this matter was on the Defendants' Website in order to watch videos on the

day of August 16, 2024 in addition to subsequent days throughout the upcoming months.  The Plaintiff attempted to buy product and before purchasing Plaintiff desired to watch an expert review video on www.etrailer.com including but not limited to "2024 Kia Telluride Trailer Hatch" video but was unable to do so due to their lack of closed captioning.  The Plaintiff leases a 2024 Telluride.  The Plaintiff also tried to watch other videos related to trailer hitches such as "Finding the Right Trailer Harness" but was unable to do so as it was not accessible.  Plaintiff and Class members cannot watch videos on the Website and have been prevented from accessing the Website although they would like to and intend to visit the Website in the future and enjoy video content as non-deaf individuals can and do and watch expert review videos as they own SUV's themselves and are interested in the products sold by the Defendants.  Currently they cannot.  The Website is non-accessible.  If the Website were accessible, the Plaintiff and the Class want to access and would access all of its content.  However, this would be not productive for the Plaintiff and the Class to do as a result of the voluminous barriers to access that exist on the Website. There is no closed captioning on the videos.  The Defendants' access barriers prevent the Plaintiff from

enjoying the goods, services and benefits offered by the Website in conjunction with their physical locations and as such denied the Plaintiff equal access.

46.    This lack of closed captioning by the Defendants on its Website prevent not only the Plaintiff but also the deaf and hard of hearing located in New York State and nationally from having equal access as non-deaf and non-hard of hearing individuals have, preventing deaf and hard of hearing individuals from enjoying the goods, services and benefits offered by the Website.

47.    Defendants have intentionally failed and refused to remove the Website's barriers of access by failing to use closed captioning thereby denying equal access to the Plaintiff and the Class and discriminates against the Plaintiff and the Class in violation of the ADA and New York laws.

## FIRST CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF, THE CLASS AND THE SUBCLASS

Violation of Title III of the Americans with Disabilities Act

48.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "47" as if fully set forth herein.

49.    The Plaintiff is deaf and requires closed captioning to have full and equal access to audio and audiovisual content and has an impairment that substantially limits one or more of his major life activities and is therefore an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

50.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. §36.201.

51.    Title III of the ADA provides that "places of public accommodation" may not discriminate against people with disabilities.    Defendants operate a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," "sales or rental establishment[s]" and "service establishments").

52.    Defendants have failed to provide closed captioning on its Website making videos contained on its Website non-accessible to deaf and hard of hearing individuals.

53.    Discrimination under Title III includes the denial of an opportunity for the deaf or hard of hearing to participate in programs or services or to provide a service that is not equal to a service afforded to others.    42 U.S.C. §12182(b)(l)(A)(i-iii).

54.    Defendants discriminate against the Plaintiff on the basis of his disability by denying him an equal opportunity to participate in and benefit from Defendants' goods, services, facilities, privileges, advantages and/or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182 (b)(l)(A)(I), which includes the failure to provide auxiliary aids and services such as closed captioning to ensure effective communication to deaf and hard-of-hearing individuals. 42 U.S.C. § 12182(b)(l)(A)(III); 28 C.F.R. § 36.303(c); 28 C.F.R. § 36.303 (b)(1).

55.     Failure to allow individuals with disabilities or a class of individuals having disabilities to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations offered to others is discrimination 42 U.S.C. § 12182(b)(1)(A)(i).

56.     Failure to make modifications that are reasonable in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities is unlawful, unless implementing these modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

57.     "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden" is a prohibited discriminatory practice under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii).

58.     The Defendants' actions or lack of actions are discriminatory acts against the Plaintiff, the Class and the Subclass as they have denied deaf and hard of hearing individuals an equal opportunity to participate and benefit from Defendants' goods, services, facilities, privileges,

advantages and/or accommodations, in violation of 42 U.S.C. § 1282(b)(1)(A).  Additionally, the Defendants failed to make reasonable modifications in policies, practices and procedures when necessary to afford the Plaintiff, the Class and Subclass such goods, services, facilities, privileges, advantages or accommodations in violation of 42 U.S.C. § 1282(b)(2)(A)(ii) and failed to take necessary steps to ensure that the Plaintiff and other deaf and hard of hearing individuals are not excluded, denied services, segregated or treated differently than others because of the absence of auxiliary aids and services, including the use of closed captioning on its Website.

59.    The Defendants have denied full and equal access to deaf and hard of hearing individuals to their Website by having barriers to their services and accommodations while providing access to their services and accommodations to non-deaf and hard of hearing individuals.

60.    By making the necessary modification of adding closed captioning to its Website, the Defendants would not alter the nature of their goods, services, privileges, advantages or accommodations nor would it result in an undue burden to the Defendants.

61.    The Defendants must be enjoined from engaging in these unlawful discriminatory practices such that the Plaintiff, the Class and Subclass will no longer be discriminated against.

62.    Absent injunctive relief, there is a clear and imminent risk that the Defendants' discriminatory actions will continue against the Plaintiff, the Class and Subclass causing

irreparable harm.

63.    Plaintiff is entitled to injunctive relief in addition to attorney fees, costs and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

<u>**SECOND CAUSE OF ACTION ON BEHALF OF**</u>
<u>**THE PLAINTIFF AND THE SUBCLASS**</u>

Violation of New York State Human Rights Law

64.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "63" as if fully set forth herein.

65.    At all times relevant to this action, the New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290 *et. seq.* covers the actions of the Defendants.

66.    Defendants qualify as a person within the meaning of Article 15 of the N.Y. Executive Law § 292(1).

67.    The Plaintiff, at all times relevant to this action, has a substantial impairment to a major life activity of hearing and is an individual with a disability under Article 15 of the N.Y. Executive Law § 292(21).  The Defendants, at all relevant times to this action, own and operate a place of accommodation, the Website, within the meaning of Article 15 of the N.Y. Executive Law § 292(9) along with its physical locations which include corporate offices, advertising offices and hosting locations, storages, online network, video studios, and hosting locations.

68.     Pursuant to Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

69.     Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices or procedures when they are necessary to afford, facilities, privileges, advantages or accommodations to individuals with disabilities. Article 15 of the N.Y. Executive Law§ 296(2)(a), § 296(2)(c)(i).

70.     Defendants' actions violate Article 15 of the N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and the Class, including the Subclass by (i) owning and operating the Website that is inaccessible to deaf and hard of hearing persons; and (ii) by not removing access barriers to its Website in order to make its videos accessible to the deaf and hard of hearing when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.  This inaccessibility denies the deaf and hard-of-hearing full and equal access to the facilities, goods and services that the Defendants make available to individuals who are not deaf or hard of hearing. Article 15 of the N.Y. Exec. Law§ 296(2)(c).

71.     The Defendants' discriminatory practice also include "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation

being offered or would result in an undue burden." Article 15 of the N.Y. Exec. Law §

296(2)(c)(ii).

72.    Well established guidelines exist for making a website accessible to the deaf and hard of

hearing and are easily obtainable.  The guidelines have been used and followed by government

and businesses in making their websites accessible to the deaf and hard of hearing, including but

not limited to the use of closed captioning.  Incorporating this component by Defendants in its

Website would not fundamentally alter the Defendants' Website or business and would not result

in an undue burden.

73.    Defendants have intentionally and willfully discriminated against the Plaintiff, the

Class and Subclass in violation of the New York State Human Rights Law, Article 15 of the

N.Y. Exec. Law § 296(2) and this discrimination continues to date.

74.    Absent relief, Defendants' discrimination will continue against the Plaintiff, the Class and

Subclass causing irreparable harm.

75.    Plaintiff is therefore entitled to compensatory damages, civil penalties and fines for each

and every discriminatory act in addition to reasonable attorney fees and the costs and

disbursements of this action.  Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) *et seq.*


## THIRD CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF AND THE SUBCLASS

### Violation of New York State Civil Rights Law

76.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "75"

as if fully set forth herein.

77.    Plaintiff served notice of this lawsuit upon the Attorney General as required by N.Y. Civil Rights Law § 41.

78.    Persons within N.Y.S. are entitled to full and equal accommodations, advantages, facilities and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons.  No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof.  N.Y. Civ. Rights Law § 40.

79.    No person because of disability, as defined in § 292 (21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("CVR") § 40-c.

80.    § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function.  As such the Plaintiff is disabled under the N.Y. Civil Rights Law.

81.    Defendants discriminate against the Plaintiff and Subclass under CVR § 40 as Defendants' Website is a public accommodation that does not provide full and equal accommodations, advantages, facilities and privileges to all persons and discriminates against the deaf and hard of hearing due to its lack of closed captioning for the deaf and hard of hearing.

82.     Defendants intentionally and willfully failed to remove the barriers on their Website discriminating against the Plaintiff and Sub-Class preventing access in violation of CVR §40.

83.     Defendants have failed to take any steps to halt and correct their discriminatory conduct and discriminate against and will continue to discriminates against the Plaintiff and the Sub-Class members.

84.     Under N.Y. Civil Rights Law § 41 a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside.

85.     Plaintiff hereby demands compensatory damages of five hundred dollars for the Defendants' acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq..*

## FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AND THE SUBCLASS

### Violation of New York City Human Rights Law

86.     The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "85" as if fully set forth herein.

87.    At all times, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 *et. seq.* applied to the conduct of the Defendants as the Defendants own and operate the Website and are persons under the law.

88.    At all times concerning this action the Plaintiff has had a substantial impairment to a major life activity of hearing and is an individual with a disability under N.Y.C. Administrative Code § 8-102(16).

89.    At all times concerning this action the Defendants' Website is a place of public accommodation as defined in N.Y.C. Administrative Code § 8-102(9).

90.    "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived ……. disability …. of any person to withhold from or deny to such person any of the accommodations required to make reasonable accommodations to a disabled individual and may not "refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof" N.Y.C. Admin. Code § 8-107(4)(a).

91.    The willful and intentional non-removal of the Website's barriers of access for the Plaintiff, the Class and the Subclass by the Defendants discriminate against the deaf and hard of hearing by denying them full and equal access to the facilities, goods, and services that Defendants make available to the non-deaf and hard of hearing individuals.

92.    It is discriminatory for the Defendants "not to provide a reasonable accommodation to enable a person with a disability to …. enjoy the right or rights in question provided that the

disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

93.     Defendants' actions will continue to prevent the Plaintiff, the Class and Subclass from accessing the Website as the remaining public can and the Plaintiff requests injunctive relief.

94.     Plaintiff is also entitled to compensatory damages for the injuries and loss sustained as a result of the Defendants' discriminatory conduct in addition to punitive damages and civil penalties and fines for each offense, attorney fees, costs and disbursements of this action.  N.Y.C. Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

### FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF CLASS AND SUB-CLASS FOR DECLARATORY RELIEF

95.     The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "94" as if fully set forth herein.

96.     The Plaintiff claims that the Website contains barriers denying deaf and hard-of-hearing individuals full and equal access to the goods and services of the Website.

97.     Defendants' Website fails to comply with applicable laws and the Defendants discriminate against the Plaintiff and Sub-Class under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq., N.Y. Exec. Law§ 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq.

98.     The Defendants deny these claims.

99.    The Plaintiff seeks a declaratory judgment such that the parties understand and know their respective rights and obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a.  A declaratory judgment pursuant to Federal Rules of Civil Procedure Rule 57 declaring the Defendants' policies, procedures and practices are discriminatory against the Plaintiff in violation of Title III of the Americans with Disabilities Act, The New York Human Rights Law, The New York City Human Rights Law and the laws of New York;

b. Enjoining the Defendants from actions that deny deaf and hard of hearing individuals access to the full and equal enjoyment of Defendants' Website and from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law§ 296, *et seq.,* N.Y.C. Administrative Code§ 8-107, *et seq.,* and the laws of New York;

c. An Order of the Court requiring the Defendants to make the Website fully compliant with the requirements set forth in the ADA, and its regulations, so that the Website are readily accessible to and usable by deaf and hard-of-hearing individuals;

d.  An Order of the Court which certifies this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3); appointing Plaintiff as Class Representative; and his attorney as counsel for the Class;

e.  Compensatory damages, statutory penalties and fines for Plaintiff and the proposed Subclass for violations of their civil rights under New York State Human Rights Law and New York State Civil Rights Law;

f.  Compensatory damages, punitive damages, penalties and fines pursuant to the New York City Human Rights Law;

g.  Reasonable costs, disbursements and Plaintiff's attorney fees pursuant to the ADA, New York Human Rights Law, New York City Human Rights Law and the laws of New York;

h.  For pre-judgment and post-judgment interest to the highest extent permitted by law; and

i.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself the Class and Sub-Class demands a trial by jury on all issues and requested relief.

Dated: Manhasset, New York
       December 8, 2024                    /s/ Mitchell Segal
                                      _____
                                      Mitchell Segal, Esq.
                                      Law Offices of Mitchell Segal, P.C.
                                      *Attorneys for Plaintiff, the Class and Subclass*
                                      1129 Northern Boulevard, Suite 404
                                      Manhasset, New York 11030
                                      Ph. (516) 415-0100
                                      Fx. (516) 706-6631